## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JUSTIN GREEN,                          )
                                       )
                    Plaintiff,         )
vs.                                    )          NO.  CIV-07-1377-HE
                                       )
ACE AMERICAN INSURANCE CO.,            )
ET AL.,                                )
                                       )
                    Defendants.        )

## <u>ORDER</u>

Plaintiff Green brought this action against defendants ACE American Insurance Co. ("ACE"), C.R. England, Inc., Luis Miguel Jimenez, and Venture Corp. seeking damages arising out of a five vehicle collision that occurred in Woodward County, Oklahoma.  ACE has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), asserting that no claim is stated against it since a direct action against the insurer is not available in these circumstances.

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might be drawn from them are construed in the light most favorable to the nonmoving party.  The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007).  A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965).  Applying these standards, the court

concludes plaintiff's amended complaint fails to state a claim against defendant ACE.

## BACKGROUND

Plaintiff alleges that Mr. Jimenez, operating a semi-truck for C.R. England, Inc., drove into a line of vehicles stopped at a construction zone operated by Venture Corp.[1]  ACE is alleged to be the liability insurer for C.R. England, Inc.  As originally filed, ACE was not a party to this action.  Plaintiff later requested, and was granted, permission to amend his complaint to allege that 47 Okla. Stat. §230.30 affords a direct cause of action against ACE as the insurer for C.R. England, Inc.

## DISCUSSION

ACE asserts it is not a proper party to this case, and that no claim is stated against it, because no basis for a direct action against it exists in the circumstances alleged here. Plaintiff argues that 47 Okla. Stat. §230.30 provides such a basis and allows for a direct action against a motor carrier's insurer.  Defendant responds that §230.30 does not apply because C.R. England, Inc. is not licensed by Oklahoma under that statute and has not filed proof of insurance with the Oklahoma Corporation Commission under that statute.  Plaintiff's sole reference to ACE in the amended complaint is its allegation that ACE provides insurance to C.R. England "pursuant to Oklahoma law."  Amended Complaint, para. 13 [Doc. #39].

Oklahoma recognizes "joint actions against motor carriers and their insurers under a

---

[1]*The accident is alleged to have occurred on October 27, 2007.*

statute requiring the carrier to file a liability insurance policy or bond with the Corporation Commission before a permit to do business in Oklahoma is issued." *Daigle v. Hamilton*, 782 P.2d 1379, 1381 (Okla. 1989). The Oklahoma Supreme Court concluded that a joint, direct action against an insurance company exists "because the insurer 'is liable for the injuries resulting from the operations of the motor carrier, not by reason of its bond [or policy], but by reason of the statute.'" *Id.* (quoting *Jocobsen v. Howard*, 23 P.2d 185, 187 (Okla. 1933)) (alteration in original). The statute in question, 47 Okla. Stat. §230.30 (2001), provides in pertinent part:

> A. No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage . . . and the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy or bond shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.[2]

The question here is whether plaintiff has alleged a sufficient basis for invoking the statute in this case.

The courts have differed on the question of whether §230.30 permits a direct action against all insurers of motor carriers authorized to do business in Oklahoma or whether its

---

[2]*The Oklahoma cases appear not to have given effect to the language "after judgment against the carrier" appearing in §230.30 and its predecessors. In situations otherwise within the scope of §230.30, the cases permit a direct joint action, rather than a direct sequential action, against the insurer. See* <u>Daigle v. Hamilton</u>*, supra;* <u>Enders v. Longmire</u>*, 179 Okl. 733, 67 P.2d 12 (1937).*

reach is limited to carriers registered pursuant to that statute.  The decisions recognize, as do the parties here, that a motor carrier can also be authorized to operate in Oklahoma by complying with the Single State Registration System.  Under the Single State Registration System, 49 U.S.C. § 14504,[3] "a motor carrier is required to register annually with only one State . . . and such single State registration shall be deemed to satisfy the registration requirements of all other States."  *Id.* § 14504(c)(1).  "[O]nly a State acting in its capacity as registration State under such single State system may require a motor carrier . . . to file satisfactory proof of required insurance or qualification as a self-insurer . . . ."  *Id.* § 14504(c)(2)(A).

The court is persuaded by those decisions concluding that actual registration with and licensing by the Oklahoma Corporation Commission pursuant to § 230.30, as opposed to registration via the Single State Registration System, is a necessary prerequisite to a direct action against an insurer.  *See Hubbard v. Liberty Mutual Fire Insurance Co.*, No. CIV-06-356, 2007 WL 1299270 (E.D. Okla. May 1, 2007) (granting summary judgment to insurer because motor carrier did not obtain license from or file insurance with Oklahoma Corporation Commission); *Frazier v. Goodpasture*, No. Civ-06-620 (W.D. Okla Dec. 11,

---

[3]*49 U.S.C. § 14504, which provided for the single state registration system, was repealed by Pub. L. No. 110-53.  However, Section 1537 of Pub. L. No. 110-53 provides: Section 14504 of title 49, United States Code, as that section was in effect on December 31, 2006, shall be in effect as a law of the United States for the period beginning on January 1, 2007, ending on the earlier of January 1, 2008, or the effective date of the final regulations issued pursuant to subsection (b).*

2006) (granting insurers motion to dismiss or alternative motion for summary judgment on the same premise); *Wallace v. Ormsby Trucking, Inc.*, No. CIV-04-1312 (W.D. Okla. May 5, 2006) (granting summary judgment to insurers on the same premise); *Drewry v. Guillory*, No. CIV-03-1216 (W.D. Okla. Nov. 24, 2003) (granting summary judgment to insurers on the same premise). *See also*, *Caudill v. Strickland*, 498 S.E.2d 81 (Ga. Ct. App. 1998) (direct action statute does not apply where carrier has not registered or filed insurance policy with Georgia Public Service Commission); *but see, Mize v. Liberty Mutual Ins. Co.,* 393 F.Supp.2d 1223 (W.D.Okla. 2005); *McKinnon v. Encore Pipe & Supply Co. Inc.*, No. CIV-99-1259 (W.D. Okla. Jan. 24, 2000).

Here, there is no allegation that C.R. England obtained a license from the Oklahoma Corporation Commission or filed a liability insurance policy with the Oklahoma Corporation Commission.   Absent registration with and licensing by the Oklahoma Corporation Commission, "section 230.30 and Oklahoma case law that interprets that section (and its predecessors) as authorizing a direct action against, and the joinder of, a motor carrier's insurer, are inapplicable."   *Frazier v. Goodpasture*, No. Civ-06-620 at 5-6 (W.D. Okla Dec. 11, 2006)   Accordingly, the court concludes that plaintiff has failed to state a claim against ACE. Defendant ACE's motion to dismiss [Doc. #46] is therefore **GRANTED**.   If plaintiff can amend his complaint so as to state a claim against ACE, after giving effect to the principles set out here,[4] he is granted leave to do so not later than September 25, 2008.

---

[4]Defendant's submissions indicate England's authority to operate in Oklahoma is based on compliance with the Single State Registration System.

**IT IS SO ORDERED**.


Dated this 19th day of September, 2008.


JOE HEATON
UNITED STATES DISTRICT JUDGE